UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Transportation Insurance Company and Transcontinental Technical Services, Inc. n/k/a/ RSK Co. Claims Services, Inc.,

Plaintiffs,

vs.

North Central Food Systems, Inc.,

Defendant.

Case No. 01-CV-343 JRT/FLN

**REPORT AND RECOMMENDATION**

---

Bethany Krueger, R. John Street and Brian W. Bilcer for Plaintiff
Michael A. Stern and Crystal Ovsak for Defendant

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiffs' Motion to Dismiss Defendant's Counterclaim and to Strike Defendant's Affirmative Defenses. [#14] The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 636(c). For reasons discussed below, Plaintiffs' motion must be denied.

## I. BACKGROUND

Plaintiff Transportation Insurance Company ("Transportation") is in the business of selling and providing insurance to persons and businesses. (See First Amended Complaint ("Complaint")). Plaintiff Transcontinental Technical Services ("RSKCo") provides services and management for claims made under insurance policies issued by Transportation. (Id.) Defendant North Central ("North Central") contracted to purchase insurance coverage from Transportation for the period September 30, 1993, to September 30, 1996. (Id.) These policies were subject to Retrospective Premium Endorsements and Finance Agreements between North Central and



FILED SEP 19 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Transportation, and were likewise subject to Claim Service Agreements between North Central and RSKCo. (Id.)

According to Plaintiffs, North Central failed to pay premium and claim service fees under the insurance policies and related claim service and finance agreements. (See Complaint.) Plaintiffs therefore brought suit, alleging breach of contract. (Id.) Plaintiffs seek to recover $457,522 for past due insurance premiums and claim service fees, plus interest, fees and costs. (Id.) In its Answer, North Central generally denied that it breached any obligation or owed any damages to Plaintiffs. (See Answer.) The Answer included an Affirmative Defense and a Counterclaim, generally alleging that Plaintiffs breached their contractual obligations. (Id.)

Plaintiffs contend that North Central's Affirmative Defenses and Counterclaim fail to meet the minimum standards of pleading as set forth in Fed. R. Civ. P. 8. (See Pl.'s Mot. to Dismiss.) According to Plaintiffs, the Counterclaim and Affirmative Defenses are vague and conclusory, do not plead facts regarding Plaintiffs' alleged claims mishandling, and do not provide fair notice to Plaintiffs of the claims and defenses North Central intends to assert. (Id.) Due to North Central's alleged failure to conform their pleadings to Rule 8, Plaintiffs move this Court to: (1) dismiss North Central's Counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted; (2) strike North Central's Affirmative Defense as insufficient under Fed. R. Civ. P. 12(f); or, in the alternative (3) require a more definite statement of claim pursuant to Fed. R. Civ. P. 12(e).

## II. STANDARD OF REVIEW

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds

upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. See Fed. R. Civ. P. 8(a). Each averment of a pleading shall be simple, concise and direct. See Fed. R. Civ. P. 8(e). A party shall state in short and plain terms the party's defense to each claim asserted and shall admit or deny the averments upon which the adverse party relies. See Fed. R. Civ. P. 8(b). In pleading to a preceding pleading, a party shall set forth affirmatively...[any] matter constituting an avoidance or affirmative defense. See Fed. R. Civ. P. 8(c). All pleadings shall be so construed as to do substantial justice. See Fed. R. Civ. P. 8(f).

## III. CONCLUSIONS OF LAW

Plaintiffs argue that the Affirmative Defenses and Counterclaim contained in North Central's Answer fail to meet the minimum requirements as set out in Fed. R. Civ. P. 8, which require a pleading to provide the adverse party with a short and plain statement of the claim or defense alleged. (See Pl.'s Mot. to Dismiss.) In particular, Plaintiffs argue that North Central failed to identify which insurance claims were mishandled by Plaintiffs, and how they were mishandled. (See Pl.'s Reply in Supp. of Mot. to Dismiss.) Plaintiffs claim that North Central's Counterclaim and Affirmative Defenses deal "only in generalities and abstractions," and are indecipherable to Plaintiffs. (See Pl.'s Mot. in Supp. of Mot. to Dismiss.) Accordingly, Plaintiffs move the Court to dismiss the Counterclaim and strike the Affirmative Defenses as being contrary to Rule 8 and thus vulnerable to attack under Rules 12(b)(6) and 12(f).

North Central's denominated Counterclaim against Plaintiffs states and alleges that:

> (1) Plaintiffs failed to properly handle, supervise, adjust and otherwise respond to claims submitted under the policies of insurance enumerated in Plaintiffs' Amended Complaint, including, but not limited to, failing to assert or pursue subrogation

> rights, improperly admitting liability and making payments with respect to claims, improperly selecting and supervising legal counsel, improperly investigating claims and defenses, and otherwise failing to exercise reasonable care in the performance of its duties and obligations, all in breach of the insurance contracts, in breach of Plaintiffs' duties of good faith, and in breach of Plaintiffs' fiduciary duties; and (2) [a]s a result of these wrongful acts, North Central has sustained damages, the exact amount of which is unknown at the present time, as the information necessary to ascertain and determine damages is in the possession of Plaintiffs.

(See Answer and Counterclaim.) North Central also affirmatively alleges that:

> (1) Plaintiffs' claims, if any, are barred by the doctrines of estoppel and unclean hands; (2) Plaintiffs were negligent or otherwise failed to properly handle claims submitted under the policies of insurance and therefore the payments demanded in the Amended Complaint are not due and owing; (3) Plaintiffs breached the fiduciary duties they owed to North Central with respect to the proper handling of claims submitted under the policies of insurance, and thereby caused damage to North Central; and (4) North Central is entitled to recover its reasonable costs, expenses and fees incurred in defending this litigation.

(Id., ¶¶ 47-50.)

In the Eighth Circuit, ambiguous pleadings are to be construed liberally in favor of the pleader. See E.I. du Pont de Nemours and Co. v. Berkley and Co., Inc., 620 F.2d 1247, 1268 (8th Cir. 1980); citing Hanson v. Hunt Oil Company, 398 F.2d 578, 580 (8th Cir. 1968). A pleading which gives the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests complies with the rule. See Hanson, 398 F.2d at 580; citing Conley v. Gibson, 355 U.S. 41, 47-48, 78 S.Ct. 99, 2 L.Ed.2d 80. This Court finds that North Central's Counterclaim and Affirmative Defenses are sufficient to survive a Rule 8 challenge, thereby precluding dismissal under Rules 12(b)(6) or 12(f).[1]

---

[1] North Central affirmatively alleges that Plaintiffs breached the fiduciary duties they owed to North Central with respect to the proper handling of claims submitted under the policies of insurance, thereby causing damage to North Central. (See Answer and Counterclaim, ¶ 49.) In ruling upon Plaintiffs' Motion, this Court refrains from determining whether such a duty exists.

Additional information concerning North Central's Counterclaim and Affirmative Defenses will be available to Plaintiffs by means of pretrial and discovery procedure. See Hanson, 398 F.2d at 581. No discovery has taken place between these parties. Additionally, North Central claims that Plaintiffs possess all the relevant information regarding individual claims filing. (See Answer and Counterclaim.) This Court does not require North Central to plead with specificity which claim files are at issue when the relevant information remains in Plaintiffs' possession and where no discovery has taken place. Any ambiguities which Plaintiffs believe exist in North Central's Claims or Defenses will be further defined during the discovery process.

## IV. RECOMMENDATION

Based on the records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiffs' Motion to Dismiss Defendant's Counterclaim and to Strike Defendant's Affirmative Defenses [#14] be **DENIED**.

DATED: Sept 19, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.