**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| TRANSPORTATION INSURANCE COMPANY and TRANSCONTINENTAL TECHNICAL SERVICES, INC. n/k/a RSKCo CLAIMS SERVICES, INC., Plaintiffs, v. NORTH CENTRAL FOOD SYSTEMS, INC., Defendant. | No. 01-CV-343 JRT/FLN<br><br>**AGREED PROTECTIVE ORDER** |

This Protective Order ("Order") shall be applicable to all discovery proceedings in this action unless otherwise modified as provided in this Order.

1. **Material Covered by This Order**

a. "Discovery material" means all material produced in the course of discovery pursuant to any rule of the Federal Rules of Civil Procedure, including interrogatories, depositions, documents, abstracts and summaries of such discovery, and all material exchanged between plaintiffs and defendant or, pursuant to subpoena or notice to produce, all material exchanged between any non-party in any discovery proceedings in this action.

b. "Confidential Discovery Material" means any Discovery Material which in good faith and with good cause has been designated "Confidential" by any party or any person or entity producing Discovery Material, and which has not been determined by the Court, upon objection, to be non-confidential. Such designation shall be made on documents by a "Confidential" stamp (or equivalent designation) or other physical identification as confidential at the time the document is produced. A designation of "Confidential" also may be made for any Discovery Material, including material in deposition testimony, by a request by a party or person



Word 2297525.1

FILED OCT 15 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

or entity producing such Discovery Material on the record of the deposition or in writing within five business days after receipt of the deposition transcript.

2. **Custody of Confidential Discovery Material.** All Confidential Discovery Material shall be placed in the custody of and remain in the custody of the attorneys for the parties during the course of this action.

3. **Persons to Whom Disclosure of Confidential Discovery Material May Be Made.** All Confidential Discovery Material and information derived from such material may be disclosed only to the following persons:

a. The attorneys of record for the parties and their employees or agents.

b. Any expert witness or consultant expressly retained by the attorneys of record to assist in the prosecution or defense of this action who has agreed in writing to be bound by the terms of this protective order and has been provided a copy hereof, as provided in paragraph 9(b).

c. Any author or addressee of Confidential Discovery Material may be shown the Confidential Discovery Material which he authored or received, provided that such persons have agreed to be bound by the terms of this protective order and have been provided a copy hereof. No such person to whom Confidential Discovery Materials is disclosed as provided in this subparagraph shall be given or permitted to retain copies of any Confidential Discovery Material.

d. The Court, in which case such material shall be submitted under seal.

All references to the content of Confidential Discovery Material in briefs and memoranda or attachments thereto filed with the Court shall be sealed.

4. **Disclosure of Confidential Discovery in The Course of Discovery: Depositions.** This Order shall not preclude disclosing Confidential Discovery Material to a witness during a deposition, provided that the witness is not given a copy of such Confidential Discovery Material to take from the place of the deposition and provided further that the witness is advised on the record of the terms of this Order and that such witness agrees to be bound by the terms of this Order.

5. **Disclosure of Confidential Discovery Materials in The Course of Trial.** Any party intending to use Confidential Discovery material at trial shall identify such material as Confidential in a Pretrial Statement or Order. If it becomes necessary to use such material at trial which has not been identified in the final Pretrial Statement or Order, a party shall give notice that it intends to use such material as soon as the need for such use appears. Any party or the person or entity which produced such material may then request appropriate relief from the Court in order to protect the confidentiality of such material.

6. **Disclosure to Additional Persons.** In the event a party desires to disclose Confidential Discovery Material to a person other than those provided for in paragraph 3, the party seeking disclosure shall notify the producing party in writing of the intended disclosure, stating the name of the person to whom disclosure will be made and the purpose for the disclosure. The producing party shall respond to the notice within seven (7) business days of the date of the notice. In the event the producing party does not consent to the disclosure, the requesting party may seek modification of this Protective Order pursuant to paragraph 9.

7. **Disposition of Confidential Discovery Materials.** Not later than 45 days after the termination of this action (including any appeals with respect to this action), the following shall be undertaken:

a. All Confidential Discovery Material produced in this action and any other documents containing information derived from such materials, and copies thereof, shall be delivered to the attorneys for the parties or the parties or non-parties who produced such material. All abstracts and summaries of all Confidential Discovery Material shall be destroyed and the attorneys shall certify that such material has been destroyed under their supervision.

b. In lieu of subsection (a) above, a party may destroy all Confidential Discovery Material in its possession or control and shall certify in writing to the parties or non-parties from whom or which said material was discovered or obtained that such action has been taken.

**8. <u>Persons to Whom Order is Applicable; Responsibility for Implementation and Acknowledgments</u>.**

a. This Order is binding upon the persons described in subparagraph 3(a) upon entry of this Order. It is the responsibility of the attorneys of record to advise members or employees of their law firms of this Order.

b. The requirements of subparagraphs 3(b) shall be satisfied by the person signing, prior to receipt of Confidential Discovery Material, an agreement to be bound by the terms of this Order in the following form:

> "I hereby acknowledge that I, [name], [position of employment], am about to receive Confidential Discovery Material supplied by [name]. I certify, my understanding that such Confidential Discovery Material is to be provided to me pursuant to the terms and restrictions of the Order of [date] and that I have read and been given a copy of the Order, and that I agree to be bound by its terms."

Counsel for the party disclosing the Confidential Discovery Material shall obtain the acknowledgment described above, shall provide the expert or consultant with a copy of the Order and shall maintain on file the original of each acknowledgment.

9. **Modification.** Any party may move the Court for relief from all or any part of this Order or a modification of its provisions or for a determination that confidential treatment is not merited for specific Discovery Materials which another party has designated "Confidential." This Order shall be binding upon all parties and upon the person described in paragraphs 3 and 4 of this Order until modified or until such other Order may issue as to challenges to confidentiality.

10. **Supplementation.** This Order may be supplemented by and between the plaintiffs and the defendant and any party and non-party as to any matters peculiar to them. Any supplement to this Order shall be deemed to include the provisions of this Order and shall bear the caption of this Order and the following:

"SUPPLEMENT TO PROTECTIVE ORDER RELATING TO

________________ (Name of party or Non-Party)"

In the event that any supplement to this Order should provide for the submission of documents or other matters under seal, such documents or other matters shall be maintained in the custody of the attorneys as provided in paragraph 2 above and shall not be filed with the court unless otherwise specifically for good cause shown.

Dated: Sept 27, 2001, 2001.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By: ________________________
Bethany D. Krueger (#0306368)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, 55402-2015
612-349-8500

and

R. John Street*
Brian W. Bilcer*
WILDMAN, HARROLD, ALLEN & DIXON
225 West Wacker Drive - Suite 3000
Chicago, Illinois 60606-1229
312-201-2000

*Admitted *Pro Hac Vice*

ATTORNEYS FOR PLAINTIFFS,
TRANSPORTATION INSURANCE COMPANY
TRANSCONTINENTAL TECHNICAL
SERVICES, INC. n/k/a RSKCo CLAIMS
SERVICES, INC.

Dated: 9/27/01, 2001.

FREDRIKSON & BYRON, P.A.

By: ______________________
Michael A. Stern (#105326)

1100 International Centre
900 Second Avenue South
Minneapolis, 55402
612-347-7024

**SO ORDERED.**

Date: October 12, 2001. By the Court:

______________________
Franklin L. Noel,
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500