ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

TRANSPORTATION INSURANCE COMPANY and TRANSCONTINENTAL TECHNICAL SERVICES, INC. n/k/a RSKCo CLAIMS SERVICES, INC.,

Plaintiffs,

v.

NORTH CENTRAL FOOD SYSTEMS, INC.,

Defendant.

**No. 01-CV-343 JRT/FLN**

**STIPULATED MOTION TO AMEND PRETRIAL SCHEDULING ORDER**

Plaintiffs Transportation Insurance Company and Transcontinental Technical Services, Inc. n/k/a RSKCo Claims Services, Inc., and defendant North Central Food Systems, Inc., by their counsel, hereby jointly move to amend the Pretrial Schedule entered in this matter. In support of this motion, the parties state as follows:

1. By this motion, the parties jointly move to amend the scheduling order as it pertains to disclosure of expert testimony. This motion is necessitated by certain extraordinary, unanticipated circumstances. Specifically:

a. In addition to other ongoing discovery, plaintiffs have produced, and defendant's experts have reviewed, files relating to approximately 100 claims made under the insurance policies at issue in this matter. The production and review of these voluminous files has taken more time than the parties anticipated.

b. The parties acknowledge that plaintiffs will be unable to fully disclose expert testimony until a reasonable period of time after defendants have disclosed their contentions

FILED JAN 2
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

concerning the alleged mishandling of claims under the insurance policies at issue and any other grounds for defendant's affirmative defenses and counterclaim. Consequently, defendant has agreed that, on or before February 15, 2002, it will provide sworn supplemental answers to plaintiffs' Interrogatories 2, 5, and 6, through expert report or otherwise. A copy of plaintiffs' Interrogatories 2, 5 and 6 is attached hereto as Exhibit A.

2. The parties agree that paragraphs 2.b and 2.c of the Pretrial Schedule should be amended to read as follows:

> "b. Full disclosure of the substance of the testimony to be offered by each expert witness shall be made as follows:
>
> 1) By plaintiff on or before April 15, 2002.
>
> 2) By defendant on or before May 15, 2002.
>
> 3) Rebuttal expert reports on or before June 15, 2002.
>
> c. Each party may depose no more than 3 expert witnesses on or before July 15, 2002."

In all other respects, the Pretrial Order shall remain in force.

3. This motion is made without prejudice to the parties' rights to conduct further additional discovery or to seek to compel further compliance with outstanding discovery requests in accordance with the Pretrial Schedule.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Dated: 1/17, 2002 By: [signature]

Bethany D. Krueger (#0306368)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 02-2015
612-349-8500

Word 2308736.1

and

R. John Street*
Brian W. Bilcer*
WILDMAN, HARROLD, ALLEN & DIXON
225 West Wacker Drive - Suite 3000
Chicago, Illinois 60606-1229
312-201-2000
**Counsel for plaintiffs Transportation Insurance Company and Transcontinental Technical Services, Inc. n/k/a RSKCo Claims Services, Inc.**

FREDRIKSON & BYRON, P.A.

Dated: 1-17, 2002 By: [signature]
David P. Bunde(# 138344)

1100 International Centre
900 – 2nd Avenue South
Minneapolis, MN 55402-3397
**Counsel for defendant North Central Food Systems, Inc.**

**ORDER**

The Court's Pretrial Schedule dated May 4, 2001 is amended as set forth above in the parties' Stipulation. The trial ready date remains unchanged.

Dated: January 29, 2002

BY THE COURT:

[signature]
Franklin L. Noel
Chief Magistrate Judge, United States District Court

## EXHIBIT A

2. With respect to each and every claim made under the **policies** which **defendant** asserts or intends to assert was mishandled in any way by either or both of the **plaintiffs**:

a. **Identify** the name of the claimant and the claim number;

b. **Identify** which **plaintiff** allegedly mishandled the claim;

c. State with specificity the acts or omissions which **defendant** contends constitute the alleged mishandling of the claim;

d. **Identify** each employee of, consultant for or agent of **defendant** or **plaintiffs** with knowledge concerning, referring to, relating to, or evaluating the alleged claims mishandling;

e. State with specificity the amount of damages **defendant** claims resulted from the alleged mishandling of each claim identified.

**ANSWER:**

5. State whether the **defendant** asserts or intends to assert that the premiums allegedly due under any of the **policies** were incorrectly or improperly calculated. If so,

a. State with specificity the **policy** and program year for which **defendant** contends the premiums were incorrectly or improperly calculated; and

b. For each **policy** and program year identified in sub-section (a), state with specificity why **defendant** believes that the retrospective premiums allegedly due under the **policy** was incorrectly or improperly calculated.

**ANSWER:**

6. State whether the **defendant** asserts or intends to assert that the fees allegedly due under any of the **claim service agreements** were incorrectly or improperly calculated. If so,

a. State with specificity the program year for which **defendant** contends the fees were incorrectly or improperly calculated; and

b. For each program year identified in sub-section (a), state with specificity why **defendant** believes that the fees allegedly due under the **claim service agreement** were incorrectly or improperly calculated.

**ANSWER:**